Ryan E. Hatch
California Bar No. 235577
ryan@hatchlaw.com
**HATCH LAW, PC**
13323 W. Washington Blvd., Suite 302
Los Angeles, California 90066
Telephone: (310) 279-5076

Timothy E. Grochocinski (*Pro Hac Vice* to be submitted)
Illinois Bar No. 6295055
tim@nelbum.com
C. Austin Ginnings (*Pro Hac Vice* to be submitted)
Illinois Bar No. 6343678
austin@nelbum.com
Taryn N. Trusty (*Pro Hac Vice* to be submitted)
Illinois Bar No. 6344409
taryn@nelbum.com
**NELSON BUMGARDNER CONROY PC**
745 McClintock Drive, Suite 340
Burr Ridge, Illinois 60527
Telephone: (708) 675-197

*Attorneys for Plaintiff*
*Flexiworld Technologies, Inc.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| FLEXIWORLD TECHNOLOGIES, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>VIZIO, INC.,<br><br>Defendant. | Case No.: 8:26-cv-2443<br><br>**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT** |

Plaintiff Flexiworld Technologies, Inc. ("Plaintiff" or "Flexiworld") files this Original Complaint for patent infringement against Defendant Vizio, Inc. ("Defendant" or "Vizio") alleging as follows:

**BACKGROUND AND NATURE OF THE SUIT**

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This case asserts infringement of United States Patent Nos. 9,042,811 ("the '811 Patent"), 9,836,259 ("the '259 Patent"), 9,965,233 ("the '233 Patent"), 10,768,871 ("the '871 Patent"), 10,846,031 ("the '031 Patent"), 11,029,903 ("the '903 Patent"), 11,096,056 ("the '056 Patent"), 10,140,073 (the '073 Patent"), 8,711,408 ("the '408 Patent"), 10,133,527 ("the '527 Patent"), and 10,162,596 ("the '596 Patent") (collectively, "the Patents-in-Suit").

2. The Patents-in-Suit are owned by Plaintiff, Flexiworld Technologies, Inc.

3. Flexiworld is a pioneer and leading innovator in the field of pervasive wireless technologies.

4. Flexiworld was founded by American scientist and inventor William Ho Chang and is an innovator engaged in research and development of technologies for wireless applications and embedded solutions in short-range wireless (e.g., Wi-Fi, Bluetooth) and mobile device markets.

5. Flexiworld has significantly contributed to the innovation of wireless devices such as mobile phones, notebooks, PDAs, digital cameras, wireless televisions, wireless printers, wireless audio devices, etc.

6. Flexiworld was voted the best early-stage company in the Pacific Northwest in 2002 and Flexiworld's business plan was also voted, consecutively, as the top 2 among the "Ten Best" in 2002 and in 2003 by the Business Journal in Silicon Valley, USA.

7. Flexiworld's innovative work and results have been widely recognized in the industry. The company's patents have been repeatedly forward cited by major technology companies worldwide, including Samsung, Seiko Epson, Canon, Xerox, NEC, Disney, Mattel, and others.

8. Flexiworld has developed wireless applications and embedded solutions for the short-range wireless and mobile device market.

9. William H. Chang, one of the named co-inventors on the Patents-in-Suit, is the founder and President of Flexiworld. Mr. Chang has been granted over 88 United States patents and over 100 patents worldwide on his inventions.

10. Christina Ying Liu, one of the named co-inventors on the Patents-in-suit, is a Flexiworld shareholder. Ms. Liu has been granted over 65 United States patents and over 75 patents worldwide on her inventions.

## THE PARTIES

11. Flexiworld is a Washington corporation with its principal place of business at 3439 NE Sandy Blvd., #267, Portland, Oregon 97232.

12. On information and belief, Defendant Vizio, Inc. is a California corporation. The registered address of Vizio, Inc. is 39 Tesla Irvine, California 92618. Vizio, Inc. may be served with process at least under Fed. R. Civ. P. 4(h)(1) or (2).

13. According to its 2024 Annual Report, Vizio states: "We offer a range of high-performance Smart TVs designed to address specific consumer preferences, as well as a portfolio of sound bars that deliver immersive audio experiences. We generate revenue from the shipment of these devices to retailers and distributors across the United States, as well as directly to consumers through our website, VIZIO.com. Our broad Smart TV portfolio is designed to target specific consumer segments and their preferences for high picture quality, powerful processing and video performance, smart capabilities, a wide variety of content, streamlined connectivity and a stylish, modern industrial design. Our broad collection of high-performance sound bars delivers the home theater experience with immersive sound, powerful performance and modern designs optimized to fit the user's room and television size . . . . Platform+ is comprised of SmartCast, our award-winning Smart TV operating system, that enables our fully integrated entertainment solution, and Inscape, which powers our data intelligence and services. SmartCast delivers a compelling array of content and applications through an elegant and easy-to-use interface. It supports many of the leading streaming apps, such as Amazon Prime Video, Apple TV+, Disney+, Hulu, Max, Netflix, Paramount+, Peacock, and YouTube TV, and hosts our own free, ad-supported app, WatchFree+. SmartCast also supports Apple AirPlay 2 and Chromecast functionalities to allow users to stream additional

content from their other devices to our Smart TVs. It provides broad support for third-party voice platforms, including Amazon Alexa, Apple HomeKit and Google Voice Assistant, as well as second screen viewing to offer additional interactive features and experiences." Vizio Holding Corp. 2024 Annual Report at 5.

14. Defendant has made, imported, and supplied accused products containing the features discussed herein. One non-limiting example of such accused products are televisions, such as those discussed in Counts I-XI below. On information and belief, these products have been sold throughout the United States, California, and this District.

15. Through offers to sell, sales, imports, distributions, and other related agreements to transfer ownership of Defendant's accused products with distributors and customers operating in and maintaining a significant business presence in the U.S., Defendant does business in the U.S., the state of California, and in the Central District of California.

**JURISDICTION AND VENUE**

16. This action arises under the patent laws of the United States, 35 U.S.C. § 101, et seq. This Court's jurisdiction over this action is proper under the above statutes, including 35 U.S.C. § 271, et seq., 28 U.S.C. § 1331 (federal question jurisdiction) and § 1338 (jurisdiction over patent actions).

17. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

18. Venue is proper in this judicial district for Defendant pursuant to 28 U.S.C. § 1400(b).

19. On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the California Long Arm Statute because, *inter alia*, (i) Defendant has done and continues to do business in California and (ii) Defendant has, directly and through intermediaries, committed and continues to commit acts of patent infringement in the State of California, including making, using, offering to sell, and/or selling accused products in California, and/or importing accused products into California, either directly or vicariously, including by Internet sales and sales via retail and wholesale stores, inducing others to commit acts of patent infringement in California, and/or committing a least a portion of any other infringements alleged herein. Defendant has placed, and continues to place, infringing products into the stream of commerce, via an established distribution channel, with the knowledge and/or understanding that such products are sold in California, including in this District.

Defendant has derived substantial revenues from its infringing acts occurring within California and within this District. Defendant has substantial business in this State and judicial district, including: (A) at least part of its infringing activities alleged herein; and (B) regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from infringing goods offered for sale, sold, and imported, and services provided to California residents vicariously through and/or in concert with its alter egos, intermediaries, agents, distributors, importers, customers, subsidiaries, and/or consumers.

20. Personal jurisdiction is proper because Defendant has committed acts of infringement in this District. This Court has personal jurisdiction over Defendant because, *inter alia*, this action arises from activities Defendant purposefully directed towards the State of California and this District.

21. Exercising personal jurisdiction over Defendant in this District would not be unreasonable given Defendant's contacts in this District, the interest in this District of resolving disputes related to products sold herein, and the harm that would occur to Flexiworld.

22. In addition, Defendant, either alone or in concert with its affiliates, subsidiaries, agents, or intermediaries, has knowingly induced infringement within this District by advertising, marketing, offering for sale and/or selling devices pre-loaded with infringing functionality within this District, to consumers, customers, manufacturers, distributors, resellers, partners, and/or end users, and providing instructions, user manuals, advertising, and/or marketing materials which facilitate, direct or encourage the use of infringing functionality with knowledge thereof.

23. Personal jurisdiction also exists specifically over Defendant because it, directly or through affiliates, subsidiaries, agents, or intermediaries, transacts business in this State or purposefully directed at this State (including, without limitation, retail stores) by making, importing, offering to sell, selling, and/or having sold infringing products within this State and District or purposefully directed at this State or District.

24. As discussed in detail herein, Defendant has infringed (literally and/or under the doctrine of equivalents), directly, indirectly, and/or through subsidiaries, agents, representatives, or intermediaries, one or more claims of each of the Patents-in-Suit by making, using, importing, testing, supplying, causing to be supplied, selling, and/or offering for sale in the United States televisions, sound bars, mobile

applications, and other products that infringe at least one claim of each of the Patents-in-Suit, including but not limited to Vizio's smart televisions, including but not limited to, OLED, P-Series, M-Series, V-Series, D-Series, and Quantum televisions ("the Accused TVs"), Vizio's Sound Bars, including but not limited to, Elevate, M-Series, and V-Series Sound Bars ("the Accused Sound Bars"), Vizio's mobile applications, including but not limited to, the SmartCast App and the Vizio Mobile App ("the Accused Apps"), and Vizio's smart remotes, including but not limited to, Vizio TV Voice Remote and SmartCast TV remotes, ("the Accused Remotes"). The Accused TVs, Accused Sound Bars, Accused Apps, and Accused Remotes are collectively referred to herein as "the Accused Products."

25. On information and belief, Defendant has placed infringing products and/or products that practiced infringing processes into the stream of commerce via established distribution channels and customers such as Walmart and Sam's Club with the knowledge and/or intent that those products are and/or will be imported, used, offered for sale, and sold in the United States and California, including in this judicial district. As a result, Defendant has, vicariously through and/or in concert with its alter egos, agents, intermediaries, distributors, importers, customers, parents, subsidiaries, and/or consumers, placed the Accused Products into the stream of commerce via established distribution channels with the knowledge and/or intent that those products were sold and continue to be sold in the United States and California, including in this judicial district.

26. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b) because, among other things, Defendant resides in this judicial district.

## THE PATENTS-IN-SUIT

### The '811 Patent

27. The '811 Patent, entitled "Specification of smart wireless television for rendering digital content," duly and legally issued on May 26, 2015, from U.S. Patent Application No. 12/764,032, filed on April 20, 2010, naming William Ho Chang and Christina Ying Liu as the inventors. A true and correct copy of the '811 Patent is attached hereto as Exhibit 1 and is incorporated by reference.

28. The ’811 Patent claims priority to U.S. Patent Application No. 10/053,765, which was filed on January 18, 2002 and issued as U.S. Patent No. 9,836,257. The ’811 Patent also claims priority to U.S. Provisional Application No. 60/262,764, which was filed on January 19, 2001.

29. The ’811 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

30. Flexiworld is the owner and assignee of all rights, title, and interest in and under the ’811 Patent.

31. An assignment of the ’811 Patent from inventors Chang and Liu to Flexiworld is recorded at the United States Patent and Trademark Office at Reel/Frame 029112/0430.

32. Flexiworld has standing to sue for infringement of the ’811 Patent.

**The ’259 Patent**

33. The ’259 Patent, entitled “Televisions, output controllers, or speakers that are setup to wirelessly connect to a network and to receive digital content from a digital content service over the network,” duly and legally issued on December 5, 2017, from U.S. Patent Application No. 15/359,147, filed on November 22, 2016, naming William Ho Chang and Christina Ying Liu as the inventors. A true and correct copy of the ’259 Patent is attached hereto as Exhibit 2 and is incorporated by reference.

34. The ’259 Patent claims priority to U.S. Patent Application No. 10/053,765, which was filed on January 18, 2002 and issued as U.S. Patent No. 9,836,257, and U.S. Patent Application No. 09/992,413, which was filed on November 18, 2001 and issued as U.S. Patent No. 9,965,233. The ’259 Patent also claims priority to U.S. Provisional Application No. 60/262,764, filed on January 19, 2001, and U.S. Provisional Application No. 60/252,682, filed on November 20, 2000.

35. The ’259 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

36. Flexiworld is the owner and assignee of all rights, title, and interest in and under the ’259 Patent.

37. An assignment of the ’259 Patent from inventors Chang and Liu to Flexiworld is recorded at the United States Patent and Trademark Office at Reel/Frame 042385/0202.

38. Flexiworld has standing to sue for infringement of the ’259 Patent.

**<u>The ’233 Patent</u>**

39. The ’233 Patent, entitled “Digital content services or stores over the Internet that transmit or streams protected or encrypted digital content to connected devices and applications that access the digital content services or stores,” duly and legally issued on May 8, 2018, from U.S. Patent Application No. 09/992,413, filed on November 18, 2001, naming William Ho Chang and Christina Ying Liu as the inventors. A true and correct copy of the ’233 Patent is attached hereto as <u>Exhibit 3</u> and is incorporated by reference.

40. The ’233 Patent claims priority to U.S. Provisional Application No. 60/252,682, filed on November 20, 2000.

41. The ’233 Patent claims patent-eligible subject matter under 35 U.S.C. §101.

42. Flexiworld is the owner and assignee of all rights, title, and interest in and under the ’233 Patent.

43. An assignment of the ’233 Patent from inventors Chang and Liu to Flexiworld is recorded at the United States Patent and Trademark Office at Reel/Frame 012325/0362.

44. Flexiworld has standing to sue for infringement of the ’233 Patent.

**<u>The ’871 Patent</u>**

45. The ’871 Patent, entitled “Wireless Output Devices or Wireless Controllers for Establishing Wireless Connectivity and for Receiving Digital Content,” duly and legally issued on September 8, 2020, from U.S. Patent Application No. 16/051,371, filed on July 31, 2018, naming William Ho Chang and Christina Ying Liu as the inventors. A true and correct copy of the ’871 Patent is attached hereto as <u>Exhibit 4</u> and is incorporated by reference.

46. The ’871 Patent claims priority to U.S. Patent Application No. 15/348,006, which was filed on November 10, 2016 and issued as U.S. Patent No. 10,037,178. The ’871 Patent also claims priority to U.S. Provisional Application No. 10/053,765, filed on January 18, 2002 and issued as U.S. Patent No. 9,836,257. The ’871 Patent also claims priority to U.S. Patent Application No. 10/016,223, filed on November 1, 2001 and issued as U.S. Patent No. 7,941,541. The ’871 Patent also claims priority to U.S.

Patent Application No. 13/710,299, filed on Dec. 10, 2012, and issued as U.S. Pat. No. 9,798,516. The ’871 Patent also claims priority to U.S. Patent Application No. 12/903,048, filed on Oct. 12, 2010, and issued as U.S. Pat. No. 8,332,521. The ’871 Patent also claims priority to U.S. Provisional Application No. 60/262,764, filed on January 19, 2001, and U.S. Provisional Application No. 60/245,101, filed on November 1, 2000.

47. The ’871 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

48. Flexiworld is the owner and assignee of all rights, title, and interest in and under the ’871 Patent.

49. An assignment of the ’871 Patent from inventors Chang and Liu to Flexiworld is recorded at the United States Patent and Trademark Office at Reel/Frame 046519/0534.

50. Flexiworld has standing to sue for infringement of the ’871 Patent.

**The ’031 Patent**

51. The ’031 Patent, entitled “Software application for a mobile device to wirelessly manage or wirelessly setup an output system or output device for service,” duly and legally issued on November 24, 2020, from U.S. Patent Application No. 15/594,440, filed on May 12, 2017, naming William Ho Chang and Christina Ying Liu as the inventors. A true and correct copy of the ’031 Patent is attached hereto as Exhibit 5 and is incorporated by reference.

52. The ’031 Patent claims priority to U.S. Patent Application No. 13/710,299, which was filed on December 10, 2012 and issued as U.S. Patent No. 9,798,516. The ’031 Patent also claims priority to U.S. Patent Application No. 12/903,048, which was filed on October 12, 2010 and issued as U.S. Patent No. 8,332,521. The ’031 Patent claims priority to U.S. Patent Application No. 10/053,765, which was filed on January 18, 2002 and issued as U.S. Patent No. 9,836,257. The ’031 patent also claims priority to U.S. Patent Application No. 09/992,413, which was filed on November 18, 2001 and issued as U.S. Patent No. 9,965,233. The ’031 Patent also claims priority to U.S. Patent Application No. 10/016,223, which was filed on November 1, 2001 and issued as U.S. Patent No. 7,941,541. The ’031 Patent also claims priority to U.S. Provisional Application No. 60/262,764, filed on January 19, 2001, U.S. Provisional Application

No. 60/252,682, filed on November 20, 2000, and U.S. Provisional Application No. 60/245,101, filed on November 1, 2000.

53. The ’031 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

54. Flexiworld is the owner and assignee of all rights, title, and interest in and under the ’031 Patent.

55. An assignment of the ’031 Patent from inventors Chang and Liu to Flexiworld is recorded at the United States Patent and Trademark Office at Reel/Frame 042385/0202.

56. Flexiworld has standing to sue for infringement of the ’031 Patent.

**The ’903 Patent**

57. The ’903 Patent, entitled “Output systems, such as television controllers, televisions, display devices, or audio output devices, operable for playing digital content wirelessly received either from a digital content service over the Internet or wirelessly received from a client device that is in the same network as the output system,” duly and legally issued on June 8, 2021, from U.S. Patent Application No. 16/696,989, filed on November 26, 2019, naming William Ho Chang and Christina Ying Liu as the inventors. A true and correct copy of the ’903 Patent is attached hereto as Exhibit 6 and is incorporated by reference.

58. The ’903 Patent claims priority to U.S. Patent Application No. 16/229,896, which was filed on December 21, 2018 and issued as U.S. Patent No. 10,642,576. The ’903 Patent also claims priority to U.S. Patent Application No. 16/200,380, which was filed on November 26, 2018. The ’903 Patent also claims priority to U.S. Patent Application No. 15/787,067, which was filed on October 18, 2017, and issued as U.S. Patent No. 10,489,096. The ’903 Patent also claims priority to U.S. Patent Application No. 15/332,432, which was filed on October 24, 2016 and issued as U.S. Patent No. 10,140,071. The ’903 Patent also claims priority to U.S. Patent Application No. 15/201,194, which was filed on July 01, 2016 and issued as U.S. Patent No. 10,162,596. The ’903 Patent also claims priority to U.S. Patent Application No. 13/710,295, which was filed on December 10, 2012 and issued as U.S. Patent No. 9,383,956. The ’903 patent also claims priority to U.S. Patent Application No. 12/903,048, which was filed on October 12, 2010 and issued as U.S. Patent No. 8,332,521. The ’903 Patent claims priority to U.S. Patent Application

No. 10/053,765, which was filed on January 18, 2002 and issued as U.S. Patent No. 9,836,257. The ’903 Patent also claims priority to U.S. Patent Application No. 09/992,413, which was filed on November 18, 2001 and issued as U.S. Patent No. 9,965,233. The ’903 Patent also claims priority to U.S. Patent Application No. 10/016,223, which was filed on November 1, 2001 and issued as U.S. Patent No. 7,941,541. The ’903 Patent also claims priority to U.S. Provisional Application No. 60/262,764, filed on January 19, 2001, U.S. Provisional Application No. 60/252,682, filed on November 20, 2000, and U.S. Provisional Application No. 60/245,101, filed on November 1, 2000.

59. The ’903 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

60. Flexiworld is the owner and assignee of all rights, title, and interest in and under the ’903 Patent.

61. An assignment of the ’903 Patent from inventors Chang and Liu to Flexiworld is recorded at the United States Patent and Trademark Office at Reel/Frame 045907/0890.

62. Flexiworld has standing to sue for infringement of the ’903 Patent.

**The ’056 Patent**

63. The ’056 Patent, entitled “Output devices, such as televisions, output controllers, or audio output devices, that are setup to wirelessly receive digital content from a digital content service over the Internet or from a wireless information apparatus that is in the same network as the output devices,” duly and legally issued on August 17, 2021, from U.S. Patent Application No. 16/557,593, filed on August 30, 2019, naming William Ho Chang and Christina Ying Liu as the inventors. A true and correct copy of the ’056 Patent is attached hereto as Exhibit 7 and is incorporated by reference.

64. The ’056 Patent claims priority to U.S. Patent Application No. 10/053,765, which was filed on January 18, 2002 and issued as U.S. Patent No. 9,836,257. The ’056 Patent also claims priority to U.S. Patent Application No. 09/992,413, which was filed on November 18, 2001 and issued as U.S. Patent No. 9,965,233. The ’056 Patent also claims priority to U.S. Patent Application No. 10/016,223, which was filed on November 1, 2001 and issued as U.S. Patent No. 7,941,541. The ’056 Patent also claims priority to U.S. Provisional Application No. 60/262,764, filed on January 19, 2001, U.S. Provisional Application No. 60/252,682, filed on November 20, 2000, and U.S. Provisional Application No. 60/245,101, filed on

November 1, 2000. The ’056 Patent claims priority to U.S. Patent Application No. 15/710,711 filed Sep. 20, 2017 and U.S. Patent Application No. 16/215,506 filed Dec. 10, 2018. The ’056 Patent claims priority to U.S. Patent Application No. 15/785,190 which was filed Oct. 16, 2017 and issued as U.S. Pat. No. 10,152,285.

65. The ’056 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

66. Flexiworld is the owner and assignee of all rights, title, and interest in and under the ’056 Patent.

67. An assignment of the ’056 Patent from inventors Chang and Liu to Flexiworld is recorded at the United States Patent and Trademark Office at Reel/Frame 057255/0274.

68. Flexiworld has standing to sue for infringement of the ’056 Patent.

**The ’073 Patent**

69. The ’073 Patent, entitled “Wireless devices that establish a wireless connection with a mobile information apparatus by wirelessly detecting, within physical proximity, the mobile information apparatus,” duly and legally issued on November 27, 2018, from U.S. Patent Application No. 15/627,197, filed on June 19, 2017, naming William Ho Chang and Christina Ying Liu as the inventors. A true and correct copy of the ’073 Patent is attached hereto as Exhibit 8 and is incorporated by reference.

70. The ’073 Patent claims priority to U.S. Patent Application No. 10/053,765, which was filed on January 18, 2002 and issued as U.S. Patent No. 9,836,257. The ’073 patent also claims priority to U.S. Patent Application No. 09/992,413, which was filed on November 18, 2001 and issued as U.S. Patent No. 9,965,233. The ’073 Patent also claims priority to U.S. Patent Application No. 13/710,299, which was filed on December 10, 2012 and issued as U.S. Patent No. 9,798,516. The ’073 Patent also claims priority to U.S. Patent Application No. 12/903,048, which was filed on October 12, 2010 and issued as U.S. Patent No. 8,332,521. The ’073 Patent also claims priority to U.S. Patent Application No. 10/016,223, which was filed on November 1, 2001 and issued as U.S. Patent No. 7,941,541. The ’073 Patent also claims priority to U.S. Provisional Application No. 60/262,764, filed on January 19, 2001, U.S. Provisional Application No. 60/252,682, filed on November 20, 2000, and U.S. Provisional Application No. 60/245,101, filed on November 1, 2000.

71. The ’073 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

72. Flexiworld is the owner and assignee of all rights, title, and interest in and under the ’073 Patent.

73. An assignment of the ’073 Patent from inventors Chang and Liu to Flexiworld is recorded at the United States Patent and Trademark Office at Reel/Frame 043035/0229.

74. Flexiworld has standing to sue for infringement of the ’073 Patent.

**The ’408 Patent**

75. The ’408 Patent, entitled “Smart television system having methods or means for accessing paid or subscribed digital content from the internet,” duly and legally issued on April 29, 2014, from U.S. Patent Application No. 13/108,925, filed on May 16, 2011, naming William Ho Chang and Christina Ying Liu as the inventors. A true and correct copy of the ’408 Patent is attached hereto as Exhibit 9 and is incorporated by reference.

76. The ’408 Patent claims priority to U.S. Patent Application No. 11/933,005, which was filed on October 31, 2007 and issued as U.S. Patent No. 7,944,577. The ’408 Patent also claims priority to U.S. Patent Application No. 09/992,413, which was filed on November 18, 2001. The ’408 Patent also claims priority to U.S. Patent Application No. 60/252,682, which was filed on November 20, 2000.

77. The ’408 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

78. Flexiworld is the owner and assignee of all rights, title, and interest in and under the ’408 Patent.

79. An assignment of the ’408 Patent from inventors Chang and Liu to Flexiworld is recorded at the United States Patent and Trademark Office at Reel/Frame 027257/0455.

80. Flexiworld has standing to sue for infringement of the ’408 Patent.

**The ’527 Patent**

81. The ’527 Patent, entitled “Wireless devices that communicate, via short range wireless communication, with a mobile client device for establishing services of the wireless device with a server over the internet,” duly and legally issued on November 20, 2018, from U.S. Patent Application No. 15/358,982, filed on November 22, 2016, naming William Ho Chang and Christina Ying Liu as the

inventors. A true and correct copy of the ’527 Patent is attached hereto as Exhibit 10 and is incorporated by reference.

82. The ’527 Patent claims priority to U.S. Patent Application No. 10/053,765, which was filed on January 18, 2002 and issued as U.S. Patent No. 9,836,257. The ’527 patent also claims priority to U.S. Patent Application No. 09/992,413, which was filed on November 18, 2001 and issued as U.S. Patent No. 9,965,233. The ’527 Patent also claims priority to U.S. Provisional Application No. 60/262,764, filed on January 19, 2001 and U.S. Provisional Application No. 60/252,682, filed on November 20, 2000.

83. The ’527 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

84. Flexiworld is the owner and assignee of all rights, title, and interest in and under the ’527 Patent.

85. An assignment of the ’527 Patent from inventors Chang and Liu to Flexiworld is recorded at the United States Patent and Trademark Office at Reel/Frame 042385/0202.

86. Flexiworld has standing to sue for infringement of the ’527 Patent.

**The ’596 Patent**

87. The ’596 Patent, entitled “Portable electronic device configured to receive voice activated commands and to wirelessly manage or drive an output device,” duly and legally issued on December 25, 2018, from U.S. Patent Application No. 15/201,194, filed on July 1, 2016, naming William Ho Chang and Christina Ying Liu as the inventors. A true and correct copy of the ’596 Patent is attached hereto as Exhibit 11 and is incorporated by reference.

88. The ’596 Patent claims priority to U.S. Patent Application No. 13/710,295, which was filed on December 10, 2012 and issued as U.S. Patent No. 9,383,956. The ’596 patent also claims priority to U.S. Patent Application No. 12/903,048, which was filed on October 12, 2010 and issued as U.S. Patent No. 8,332,521. The ’596 Patent also claims priority to U.S. Patent Application No. 10/016,223, which was filed on November 1, 2001 and issued as U.S. Patent No. 7,941,541. The ’596 Patent also claims priority to U.S. Provisional Application No. 60/245,101, filed on November 1, 2000.

89. The ’596 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

90. Flexiworld is the owner and assignee of all rights, title, and interest in and under the ’596 Patent.

91. An assignment of the ’596 Patent from inventors Chang and Liu to Flexiworld is recorded at the United States Patent and Trademark Office at Reel/Frame 039816/0200.

92. Flexiworld has standing to sue for infringement of the ’596 Patent.

**GENERAL ALLEGATIONS**

93. Defendant has not obtained a license to any of the Patents-in-Suit.

94. Defendant did not have Flexiworld’s permission to make, use, sell, offer to sell, or import products or practice methods that are covered by one or more claims of any of the Patents-in-Suit.

95. Defendant has made, used, sold, offered to sell, and/or imported into the United States products as claimed in each of the Patents-in-Suit.

96. Defendant has infringed (literally and/or under the doctrine of equivalents), directly, indirectly, and/or through subsidiaries, agents, representatives, or intermediaries, one or more claims of each of the Patents-in-Suit by making, using, importing, testing, supplying, causing to be supplied, selling, and/or offering for sale in the United States the Accused Products.

97. Defendant’s customers have directly infringed the Patents-in-Suit by using the Accused Products. Through its product manuals, website, and/or sales and marketing activities, Defendant solicited, instructed, encouraged, and aided and abetted their customers to purchase and use the Accused Products in an infringing way.

98. Defendant has had knowledge of the Patents-in-Suit at least through Flexiworld’s sending of (and Defendant’s receipt of) a notice letter via U.S. mail on October 28, 2021, a copy of which is attached hereto as Exhibit 12, which identified the Patents-in-Suit, additional Flexiworld patents, and the Accused Products as infringing the Patents-in-Suit. In addition, or in the alternative, Defendant has knowledge of the Patents-in-Suit through the service of this Complaint.

99. By receiving such notice of infringement, Defendant obtained a subjective belief that there is a high probability that the Accused Products infringe the Patents-in-Suit. Despite being put on notice of infringement, on information and belief Defendant has not taken any actions to avoid the conduct alleged

to infringe and have not sought to remedy their infringements by offering to take a license. Defendant's failure to act reflects deliberate actions to avoid learning that the Accused Products infringe the Patents-in-Suit and, more generally, a policy of not earnestly reviewing and respecting the intellectual property of others.

100. Defendant's actions after learning of the Patents-in-Suit were with specific intent to cause infringement of one or more claims of each of the Patents-in-Suit.

101. Further discovery may reveal earlier knowledge of one or more of the Patents-in-Suit, which would provide additional evidence of Defendant's specific intent, willful blindness, and/or willful infringement of the Patents-in-Suit.

102. Despite having knowledge of the Patents-in-Suit, as well as knowledge that it was directly and/or indirectly infringing one or more claims of each Patent-in-Suit, Defendant nevertheless proceeded to infringe the Patents-in-Suit, and induce others to do the same, with full and complete knowledge of the applicability of the Patents-in-Suit to the Accused Products, without a license and without a good faith belief that the claims of the Patents-in-Suit were not infringed. As noted above, this includes, but is not limited to, the willful blindness of Defendant including its refusal to investigate whether the Accused Products infringe the Patents-in-Suit.

103. Flexiworld has been damaged as a result of Defendant's infringing conduct. Defendant is therefore liable to Flexiworld in an amount that adequately compensates Flexiworld for Defendant's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

104. In addition, for the reasons discussed herein, Defendant's infringing activities detailed in this Complaint and Exhibits 13-26 have been willful, egregious, wanton, and deliberate in disregard to Flexiworld's rights, justifying a finding of willful infringement, enhanced damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

105. Defendant marketed and sold other products that are not covered by the claims of the Patents-in-Suit but that were sold with or in conjunction with the Accused Products. Accordingly, Flexiworld is entitled to collect damages from Defendant for convoyed sales of certain non-patented items.

106. Defendant failed to obtain permission from Flexiworld to make, use, sell, offer to sell, or import products incorporating the inventions claimed in the Patents-in-Suit including, but not limited to, the Accused Products.

107. Attached hereto are Exhibits 13-26, and incorporated herein by reference, are representative claim charts detailing how exemplar Accused Products have infringed the Patents-in-Suit.

108. On information and belief, with respect to each Patent-in-Suit Flexiworld has complied with the requirements of 35 U.S.C. § 287.

109. Since issuance of each of the Patents-in-Suit, Flexiworld has not made, offered for sale, sold, or imported a product that practices any of the Patents-in-Suit or that would otherwise require marking under 35 U.S.C. § 287.

110. Further, on information and belief Flexiworld's licensees either did not make, offer to sell, sell, or import products that would require marking under 35 U.S.C. § 287 or otherwise did not have an obligation to mark any of their products with any of the Patents-in-Suit.

111. Flexiworld complied with the requirements of 35 U.S.C. § 287, to the extent necessary, such that Flexiworld may recover pre-suit damages.

112. For each count of infringement listed below, Flexiworld incorporates and re-states the allegations contained in the preceding paragraphs above, including these General Allegations, as if fully set forth in each count of infringement.

## COUNT I – INFRINGEMENT OF THE '811 PATENT

113. Flexiworld incorporates herein the allegations made in paragraphs 1 through 112.

114. Defendant has directly infringed one or more claims of the '811 Patent, including, for example, claims 9-11 and 14 in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States infringing products including, but not limited to, the Accused TVs.

115. Additionally, on information and belief, Defendant has indirectly infringed the '811 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the Accused TVs and/or by instructing customers how to use the Accused TVs in a way that directly infringed at least claims 9-11 and 14 of the '811 Patent. Defendant has also indirectly infringed the '811 Patent in violation of 35 U.S.C.

§ 271(b) at least by inducing customers to purchase the Accused TVs and/or by instructing customers how to use the Accused TVs in a way that directly infringed at least claims 9-11 and 14 of the ’811 Patent.

116. An exemplary claim chart demonstrating Defendant’s infringement of the ’811 Patent, as well as Defendant’s customers’ infringement of the ’811 Patent, which has been induced by Defendant, is attached as Exhibit 13 and incorporated herein by reference.

117. Defendant has had knowledge of the ’811 Patent and of its infringement of the ’811 Patent through at least Flexiworld’s October 28, 2021 notice letter.

118. On information and belief, despite Defendant’s knowledge of the ’811 Patent and of its infringement of the ’811 Patent, Defendant has not sought to remedy its infringement or sought to identify any good faith belief as to why it does not infringe the ’811 Patent.

119. On information and belief, Defendant’s actions represented a specific intent to induce infringement of at least claims 9-11 and 14 of the ’811 Patent. For example, Defendant offered its customers extensive customer support and instructions that instructed and encouraged its customers to infringe the ’811 Patent via at least their use of the Accused TVs. *See, e.g.*, https://support.vizio.com/s/?language=en_US.

120. As a result of Defendant’s infringement of the ’811 Patent, Flexiworld has suffered and is owed monetary damages adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

121. In addition, Defendant’s infringing activities detailed in this Complaint and Exhibit 13 have been willful, egregious, wanton, and deliberate in disregard to Flexiworld’s rights, justifying a finding of willful infringement, enhanced damages under 35 U.S.C. § 284 and attorneys’ fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**COUNT II – INFRINGEMENT OF THE ’259 PATENT**

122. Flexiworld incorporates herein the allegations made in paragraphs 1 through 121.

123. Defendant has directly infringed one or more claims of the ’259 Patent, including, for example, claims 1, 2, 4, 5, and 7 in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for

sale, and/or importing into the United States infringing products including, but not limited to, the Accused TVs.

124. Additionally, on information and belief, Defendant has indirectly infringed the ’259 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the Accused TVs and/or by instructing customers how to use the Accused TVs in a way that directly infringed at least claims 1, 2, 4, 5, and 7 of the ’259 Patent.

125. An exemplary claim chart demonstrating Defendant’s infringement of the ’259 Patent, as well as Defendant’s customers’ infringement of the ’259 Patent, which has been induced by Defendant, is attached as Exhibit 14 and incorporated herein by reference.

126. Defendant has had knowledge of the ’259 Patent and of its infringement of the ’259 Patent through at least Flexiworld’s October 28, 2021 notice letter.

127. On information and belief, despite Defendant’s knowledge of the ’259 Patent and of its infringement of the ’259 Patent, Defendant has not sought to remedy its infringement or sought to identify any good faith belief as to why they do not infringe the ’259 Patent.

128. On information and belief, Defendant’s actions represented a specific intent to induce infringement of at least claims 1, 2, 4, 5, and 7 of the ’259 Patent. For example, Defendant offered its customers extensive customer support and instructions that instructed and encouraged its customers to infringe the ’259 Patent via at least their use of the Accused TVs. *See, e.g.*, https://support.vizio.com/s/?language=en_US.

129. As a result of Defendant’s infringement of the ’259 Patent, Flexiworld has suffered and is owed monetary damages adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

130. In addition, Defendant’s infringing activities detailed in this Complaint and Exhibit 14 have been willful, egregious, wanton, and deliberate in disregard to Flexiworld’s rights, justifying a finding of willful infringement, enhanced damages under 35 U.S.C. § 284 and attorneys’ fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**<u>COUNT III – INFRINGEMENT OF THE ’233 PATENT</u>**

131. Flexiworld incorporates herein the allegations made in paragraphs 1 through 130.

132. Defendant has directly infringed one or more claims of the ’233 Patent, including, for example, claims 37-39 in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States infringing products including, but not limited to, the Accused TVs.

133. Additionally, on information and belief, Defendant has indirectly infringed the ’233 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the Accused TVs and/or by instructing customers how to use the Accused TVs in a way that directly infringed at least claims 37-39 of the ’233 Patent.

134. An exemplary claim chart demonstrating Defendant’s infringement of the ’233 Patent, as well as Defendant’s customers’ infringement of the ’233 Patent, which has been induced by Defendant, is attached as <u>Exhibit 15</u> and incorporated herein by reference.

135. Defendant has had knowledge of the ’233 Patent and of its infringement of the ’233 Patent through at least Flexiworld’s October 28, 2021 notice letter.

136. On information and belief, despite Defendant’s knowledge of the ’233 Patent and of its infringement of the ’233 Patent, Defendant has not sought to remedy its infringement or sought to identify any good faith belief as to why it does not infringe the ’233 Patent.

137. On information and belief, Defendant’s actions represented a specific intent to induce infringement of at least claims 37-39 of the ’233 Patent. For example, Defendant offered its customers extensive customer support and instructions that instructed and encouraged its customers to infringe the ’233 Patent via at least their use of the Accused TVs. *See, e.g.*, https://support.vizio.com/s/?language=en_US.

138. As a result of Defendant’s infringement of the ’233 Patent, Flexiworld has suffered and is owed monetary damages adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

139. In addition, Defendant’s infringing activities detailed in this Complaint and <u>Exhibit 15</u> have been willful, egregious, wanton, and deliberate in disregard to Flexiworld’s rights, justifying a finding of

willful infringement, enhanced damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**COUNT IV – INFRINGEMENT OF THE '871 PATENT**

140. Flexiworld incorporates herein the allegations made in paragraphs 1 through 139.

141. Defendant has directly infringed one or more claims of the '871 Patent, including, for example, claims 15-20, in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States infringing products including, but not limited to, the Accused Sound Bars and Accused TVs.

142. Additionally, on information and belief, Defendant has indirectly infringed the '871 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the Accused Sound Bars and Accused TVs and/or by instructing customers how to use the Accused Sound Bars and Accused TVs in a way that directly infringed at least claims 15-20 of the '871 Patent.

143. Exemplary claim charts demonstrating Defendant's infringement of the '871 Patent, as well as Defendant's customers' infringement of the '871 Patent, which has been induced by Defendant, are attached as Exhibits 16 and 17 and incorporated herein by reference.

144. Defendant has had knowledge of the '871 Patent and of its infringement of the '871 Patent through at least Flexiworld's October 28, 2021 notice letter.

145. On information and belief, despite Defendant's knowledge of the '871 Patent and of its infringement of the '871 Patent, Defendant has not sought to remedy their infringement or sought to identify any good faith belief as to why it does not infringe the '871 Patent.

146. On information and belief, Defendant's actions represented a specific intent to induce infringement of at least claims 15-20 of the '871 Patent. For example, Defendant offered its customers extensive customer support and instructions that instructed and encouraged its customers to infringe the '871 Patent via at least their use of the Accused Sound Bars and Accused TVs. *See*, e.g., https://support.vizio.com/s/?language=en_US.

147. As a result of Defendant's infringement of the '871 Patent, Flexiworld has suffered and is owed monetary damages adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

148. In addition, Defendant's infringing activities detailed in this Complaint and Exhibits 16 and 17 have been willful, egregious, wanton, and deliberate in disregard to Flexiworld's rights, justifying a finding of willful infringement, enhanced damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**COUNT V – INFRINGEMENT OF THE '031 PATENT**

149. Flexiworld incorporates herein the allegations made in paragraphs 1 through 148.

150. Defendant has directly infringed one or more claims of the '031 Patent, including, for example, claims 8-13 in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States infringing products including, but not limited to, the Accused Apps.

151. Additionally, on information and belief, Defendant has indirectly infringed the '031 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to download the Accused Apps and/or by instructing customers how to use the Accused Apps in a way that directly infringed at least claims 8-13 of the '031 Patent.

152. An exemplary claim chart demonstrating Defendant's infringement of the '031 Patent, as well as Defendant's customers' infringement of the '031 Patent, which has been induced by Defendant, is attached as Exhibit 18 and incorporated herein by reference.

153. Defendant has had knowledge of the '031 Patent and of its infringement of the '031 Patent through at least Flexiworld's October 28, 2021 notice letter.

154. On information and belief, despite Defendant's knowledge of the '031 Patent and of its infringement of the '031 Patent, Defendant has not sought to remedy its infringement or sought to identify any good faith belief as to why it does not infringe the '031 Patent.

155. On information and belief, Defendant's actions represented a specific intent to induce infringement of at least claims 8-13 of the '031 Patent. For example, Defendant offered its customers extensive customer support and instructions that instructed and encouraged its customers to infringe the

’031 Patent via at least their use of the Accused Apps. *See, e.g.*, https://support.vizio.com/s/?language=en_US.

156. As a result of Defendant’s infringement of the ’031 Patent, Flexiworld has suffered and is owed monetary damages adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

157. In addition, Defendant’s infringing activities detailed in this Complaint and Exhibit 18 have been willful, egregious, wanton, and deliberate in disregard to Flexiworld’s rights, justifying a finding of willful infringement, enhanced damages under 35 U.S.C. § 284 and attorneys’ fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**COUNT VI – INFRINGEMENT OF THE ’903 PATENT**

158. Flexiworld incorporates herein the allegations made in paragraphs 1 through 157.

159. Defendant has directly infringed one or more claims of the ’903 Patent, including, for example, claims 8, 12, and 13 in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States infringing products including, but not limited to, the Accused TVs.

160. Additionally, on information and belief, Defendant has indirectly infringed the ’903 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the Accused TVs and/or by instructing customers how to use the Accused TVs in a way that directly infringed at least claims 8, 12, and 13 of the ’903 Patent.

161. An exemplary claim chart demonstrating Defendant’s infringement of the ’903 Patent, as well as Defendant’s customers’ infringement of the ’903 Patent, which has been induced by Defendant, is attached as Exhibit 19 and incorporated herein by reference.

162. Defendant has had knowledge of the ’903 Patent and of its infringement of the ’903 Patent through at least Flexiworld’s October 28, 2021 notice letter.

163. On information and belief, despite Defendant’s knowledge of the ’903 Patent and of its infringement of the ’903 Patent, Defendant has not sought to remedy its infringement or sought to identify any good faith belief as to why it does not infringe the ’903 Patent.

164. On information and belief, Defendant's actions represented a specific intent to induce infringement of at least claims 8, 12, and 13 of the '903 Patent. For example, Defendant offered its customers extensive customer support and instructions that instructed and encouraged its customers to infringe the '903 Patent via at least their use of the Accused TVs. *See, e.g.*, https://support.vizio.com/s/?language=en_US.

165. As a result of Defendant's infringement of the '903 Patent, Flexiworld has suffered and is owed monetary damages adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

166. In addition, Defendant's infringing activities detailed in this Complaint and Exhibit 19 have been willful, egregious, wanton, and deliberate in disregard to Flexiworld's rights, justifying a finding of willful infringement, enhanced damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**COUNT VII – INFRINGEMENT OF THE '056 PATENT**

167. Flexiworld incorporates herein the allegations made in paragraphs 1 through 166.

168. Defendant has directly infringed one or more claims of the '056 Patent, including, for example, claims 1-3 and 5-7 in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States infringing products including, but not limited to, the Accused TVs.

169. Additionally, on information and belief, Defendant has indirectly infringed the '056 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the Accused TVs, and/or by instructing customers how to use the Accused TVs in a way that directly infringed at least claims 1-3 and 5-7 of the '056 Patent.

170. An exemplary claim chart demonstrating Defendant's infringement of the '056 Patent, as well as Defendant's customers' infringement of the '056 Patent, which has been induced by Defendant, is attached as Exhibit 20 and incorporated herein by reference.

171. Defendant has had knowledge of the '056 Patent and of its infringement of the '056 Patent through at least Flexiworld's October 28, 2021 notice letter.

172. On information and belief, despite Defendant's knowledge of the '056 Patent and of its infringement of the '056 Patent, Defendant has not sought to remedy its infringement or sought to identify any good faith belief as to why it does not infringe the '056 Patent.

173. On information and belief, Defendant's actions represented a specific intent to induce infringement of at least claims 1-3 and 5-7 of the '056 Patent. For example, Defendant offered its customers extensive customer support and instructions that instructed and encouraged its customers to infringe the '056 Patent via at least their use of the Accused TVs. *See, e.g.,* https://support.vizio.com/s/?language=en_US.

174. As a result of Defendant's infringement of the '056 Patent, Flexiworld has suffered and is owed monetary damages adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

175. In addition, Defendant's infringing activities detailed in this Complaint and Exhibit 20 have been willful, egregious, wanton, and deliberate in disregard to Flexiworld's rights, justifying a finding of willful infringement, enhanced damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT VIII – INFRINGEMENT OF THE '073 PATENT

176. Flexiworld incorporates herein the allegations made in paragraphs 1 through 175.

177. Defendant has directly infringed one or more claims of the '073 Patent, including, for example, claims 8, 9, 11, 14, and 15 in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States infringing products including, but not limited to, the Accused TVs and claims 8, 9, 11, 12, and 14 in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States infringing products including, but not limited to the Accused Sound Bars.

178. Additionally, on information and belief, Defendant has indirectly infringed the '073 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the Accused TVs and Accused Sound Bars, and/or by instructing customers how to use the Accused TVs and Accused Sound Bars in a way that directly infringed at least claims 8, 9, 11, 12, 14, and 15 of the '073 Patent.

179. Exemplary claim charts demonstrating Defendant's infringement of the '073 Patent, as well as Defendant's customers' infringement of the '073 Patent, which has been induced by Defendant, are attached as Exhibits 21 and 22 and incorporated herein by reference.

180. Defendant has had knowledge of the '073 Patent and of its infringement of the '073 Patent through at least Flexiworld's October 28, 2021 notice letter.

181. On information and belief, despite Defendant's knowledge of the '073 Patent and of its infringement of the '073 Patent, Defendant has not sought to remedy its infringement or sought to identify any good faith belief as to why they do not infringe the '073 Patent.

182. On information and belief, Defendant's actions represented a specific intent to induce infringement of at least claims 8, 9, 11, 12, 14, and 15 of the '073 Patent. For example, Defendant offered its customers extensive customer support and instructions that instructed and encouraged its customers to infringe the '073 Patent via at least their use of the Accused TVs and Accused Sound Bars. *See, e.g.,* https://support.vizio.com/s/?language=en_US.

183. As a result of Defendant's infringement of the '073 Patent, Flexiworld has suffered and is owed monetary damages adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

184. In addition, Defendant's infringing activities detailed in this Complaint and Exhibits 21 and 22 have been willful, egregious, wanton, and deliberate in disregard to Flexiworld's rights, justifying a finding of willful infringement, enhanced damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT IX – INFRINGEMENT OF THE '408 PATENT

185. Flexiworld incorporates herein the allegations made in paragraphs 1 through 184.

186. Defendant has directly infringed one or more claims of the '408 Patent, including, for example, claims 1, 3, 4, 6, and 7 in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States infringing products including, but not limited to, the Accused TVs.

187. Additionally, on information and belief, Defendant has indirectly infringed the ’408 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the Accused TVs, and/or by instructing customers how to use the Accused TVs in a way that directly infringed at least claims 1, 3, 4, 6, and 7 of the ’408 Patent.

188. An exemplary claim chart demonstrating Defendant’s infringement of the ’408 Patent, as well as Defendant’s customers’ infringement of the ’408 Patent, which has been induced by Defendant, is attached as Exhibit 23 and incorporated herein by reference.

189. Defendant has had knowledge of the ’408 Patent and of its infringement of the ’408 Patent through at least Flexiworld’s October 28, 2021 notice letter.

190. On information and belief, despite Defendant’s knowledge of the ’408 Patent and of its infringement of the ’408 Patent, Defendant has not sought to remedy its infringement or sought to identify any good faith belief as to why it does not infringe the ’408 Patent.

191. On information and belief, Defendant’s actions represented a specific intent to induce infringement of at least claims 1, 3, 4, 6, and 7 of the ’408 Patent. For example, Defendant offered its customers extensive customer support and instructions that instructed and encouraged its customers to infringe the ’408 Patent via at least their use of the Accused TVs. *See, e.g.*, https://support.vizio.com/s/?language=en_US.

192. As a result of Defendant’s infringement of the ’408 Patent, Flexiworld has suffered and is owed monetary damages adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

193. In addition, Defendant’s infringing activities detailed in this Complaint and Exhibit 23 have been willful, egregious, wanton, and deliberate in disregard to Flexiworld’s rights, justifying a finding of willful infringement, enhanced damages under 35 U.S.C. § 284 and attorneys’ fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**COUNT X – INFRINGEMENT OF THE ’527 PATENT**

194. Flexiworld incorporates herein the allegations made in paragraphs 1 through 193.

195. Defendant has directly infringed one or more claims of the ’527 Patent, including, for example, claims 18-13 and 15 in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States infringing products including, but not limited to, the Accused TVs.

196. Additionally, on information and belief, Defendant has indirectly infringed the ’527 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the Accused TVs, and/or by instructing customers how to use the Accused TVs in a way that directly infringed at least claims 18-13 and 15 of the ’527 Patent.

197. An exemplary claim chart demonstrating Defendant’s infringement of the ’527 Patent, as well as Defendant’s customers’ infringement of the ’527 Patent, which has been induced by Defendant, is attached as Exhibit 24 and incorporated herein by reference.

198. Defendant has had knowledge of the ’527 Patent and of its infringement of the ’527 Patent through at least Flexiworld’s October 28, 2021 notice letter.

199. On information and belief, despite Defendant’s knowledge of the ’527 Patent and of its infringement of the ’527 Patent, Defendant has not sought to remedy its infringement or sought to identify any good faith belief as to why they do not infringe the ’527 Patent.

200. On information and belief, Defendant’s actions represented a specific intent to induce infringement of at least claims 18-13 and 15 of the ’527 Patent. For example, Defendant offered its customers extensive customer support and instructions that instructed and encouraged its customers to infringe the ’527 Patent via at least their use of the Accused TVs. *See, e.g.,* https://support.vizio.com/s/?language=en_US.

201. As a result of Defendant’s infringement of the ’527 Patent, Flexiworld has suffered and is owed monetary damages adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

202. In addition, Defendant’s infringing activities detailed in this Complaint and Exhibit 24 have been willful, egregious, wanton, and deliberate in disregard to Flexiworld’s rights, justifying a finding of

willful infringement, enhanced damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**COUNT XI – INFRINGEMENT OF THE '596 PATENT**

203. Flexiworld incorporates herein the allegations made in paragraphs 1 through 202.

204. Defendant has directly infringed one or more claims of the '596 Patent, including, for example, claims 8, 9, and 11-13 in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States infringing products including, but not limited to, the Accused Apps and claims 1, 2, and 4 in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States infringing products including, but not limited to, the Accused Remotes.

205. Additionally, on information and belief, Defendant has indirectly infringed the '596 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the Accused Apps and Accused Remotes, and/or by instructing customers how to use the Accused Apps and Accused Remotes in a way that directly infringed at least claims 1, 2, 4, 8, 9, and 11-13 of the '596 Patent.

206. Exemplary claim charts demonstrating Defendant's infringement of the '596 Patent, as well as Defendant's customers' infringement of the '596 Patent, which has been induced by Defendant, are attached as Exhibits 25 and 26 and incorporated herein by reference.

207. Defendant has had knowledge of the '596 Patent and of its infringement of the '596 Patent through at least Flexiworld's October 28, 2021 notice letter.

208. On information and belief, despite Defendant's knowledge of the '596 Patent and of its infringement of the '596 Patent, Defendant has not sought to remedy its infringement or sought to identify any good faith belief as to why it does not infringe the '596 Patent.

209. On information and belief, Defendant's actions represented a specific intent to induce infringement of at least claims 1, 2, 4, 8, 9, and 11-13 of the '596 Patent. For example, Defendant offered its customers extensive customer support and instructions that instructed and encouraged its customers to infringe the '596 Patent via at least their use of the Accused Apps and Accused Remotes. *See, e.g.*, https://support.vizio.com/s/?language=en_US.

210. As a result of Defendant's infringement of the '596 Patent, Flexiworld has suffered and is owed monetary damages adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

211. In addition, Defendant's infringing activities detailed in this Complaint and Exhibits 25 and 26 have been willful, egregious, wanton, and deliberate in disregard to Flexiworld's rights, justifying a finding of willful infringement, enhanced damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Flexiworld demands a trial by jury on all issues triable of right by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Flexiworld respectfully requests that this Court enter judgment in its favor and grant the following relief:

a. A judgment that Defendant has directly and/or indirectly infringed one or more claims of each of the Patents-in-Suit;

b. A judgment and order requiring Defendant to pay Flexiworld damages under 35 U.S.C. § 284;

c. A judgment and order that Defendant has willfully infringed the Patents-in-Suit and requiring Defendant to pay Flexiworld enhanced damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285;

d. A judgment and order requiring Defendant to pay Flexiworld pre-judgment and post-judgment interest on the damages award;

e. A judgment and order requiring Defendant to pay Flexiworld's costs; and

f. Such other and further relief as the Court may deem just and proper.

Dated: August 27, 2026

Respectfully submitted,

/s/ Ryan E. Hatch

Ryan Hatch
California Bar No. 23557
ryan@hatchlaw.com
**HATCH LAW, PC**
13323 W. Washington Blvd., Suite 302
Los Angeles, California 90066
Telephone: (310) 279-5076

Timothy E. Grochocinski (*Pro Hac Vice* to be submitted)
Illinois Bar No. 6295055
tim@nelbum.com
C. Austin Ginnings (*Pro Hac Vice* to be submitted)
Illinois Bar No. 6343678
austin@nelbum.com
Taryn N. Trusty (*Pro Hac Vice* to be submitted)
Illinois Bar No. 6344409
taryn@nelbum.com
**NELSON BUMGARDNER CONROY PC**
745 McClintock Drive, Suite 340
Burr Ridge, Illinois 60527
Telephone: (708) 675-1974

*Attorneys for Plaintiff*
*Flexiworld Technologies, Inc.*